## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| JOSEPH WILLIAM BEST as the Administrator of the Estate of GERRI LYNN BEST, Deceased | CIVIL ACTION NO. |
| Plaintiff | JURY TRIAL DEMANDED |
| v. | |
| C.H. ROBINSON COMPANY | |
| and | |
| C.H. ROBINSON COMPANY INC. | |
| Defendants | |

---

Plaintiff, Joseph William Best, as the Administrator of the Estate of Gerri Lynn Best, deceased, by and through his legal counsel, FELLERMAN & CIARIMBOLI LAW, PC, hereby complains against Defendants C.H. Robinson Company, and C.H. Robinson Company, Inc. as follows:

### The Parties

1. The Plaintiff, Joseph William Best, is an adult individual who resides at 12 Knight by Pass Road, Knox, PA 16232.

2. Defendant C.H. Robinson Company is a Delaware company with its principal place of business at 14701 Charlson Road, Suite 1400, Eden Prairie, Minnesota 55347. Plaintiffs believe C.H. Robinson Company is a Minnesota and Delaware citizen for purposes of diversity jurisdiction.

3. Defendant C.H. Robinson Company, Inc. (collectively "CHR") is a Delaware corporation with its principal place of business at 14701 Charlson Road, Suite 1400, Eden Prairie, Minnesota 55347. Plaintiffs believe C.H. Robinson Company, Inc. is a Minnesota and Delaware citizen for purposes of diversity jurisdiction.

## Jurisdiction and Venue

4. Jurisdiction in this matter is based upon 28 U.S.C. § 1332, as this is a cause of action in which complete diversity exists among the Plaintiffs and the Defendants and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

5. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b), as Defendants are deemed to reside in Pennsylvania and a substantial part of the events or omissions giving rise to the claims occurred in Pennsylvania.

6. Defendants C.H. Robinson Company and C.H. Robinson Company, Inc. (collectively "CHR") regularly and systematically conducted business in and around Philadelphia, Pennsylvania. Personal jurisdiction over CHR is proper.

## Facts Supporting All Counts

7. On October 10, 2012, Jose D. Lopez Pinedo was operating a tractor-trailer for Timberlake Logistics Corporation.

8. Mr. Pinedo was dispatched by Defendant Timberlake Logistics Corporation to pick up a load of oil in Karnes City, PA and to deliver it across state lines in Tennessee.

9. The load was brokered by the CHR Defendants, who retained, hired, contracted and agreed with Timberlake/Pinedo that Timberlake/Pinedo would haul the load subject to Defendant CHR's control.

10. As Mr. Pinedo approached the intersection of State Highway Route 268, he failed to stop at a posted stop sign and yield the right of way to a vehicle headed westbound on State Highway 68, and collided with such vehicle.

11. Brian Altman was operating a 2000 Pontiac Grand Prix westbound on State Highway Route 68 in the Fairview Township, Butler County, Pennsylvania, and as he proceeded through the intersection with State Highway Route 268 with the legal right of way, the 2000 Pontiac Grand Prix was suddenly, unexpectedly, and violently struck on the passenger side by the tractor trailer driven by Pinedo.

12. Gerri Lynn Best, deceased, was a properly restrained passenger in the 2000 Pontiac Grand Prix being driven by Brian Altman.

13. Pinedo failed to stop or slow the tractor trailer as he approached the flashing red lights and posted stop sign at the intersection of State Highway Routes 268 and 68.

14. Pinedo negligently ignored clearly marked road signs and flashing red lights at the intersection of State Highway Route 268 and 68.

15. The force of the impact made by Pinedo's tractor trailer colliding with the 2000 Pontiac Grand Prix, in which Gerri Lynn Best, deceased, was a passenger, caused both vehicles to exit the roadway into a dirt parking lot located at the southwest corner of the intersection.

16. The CHR Defendants hired Pinedo and Timberlake to pick up and transport a load in Pennsylvania and deliver it to another location.

17. The CHR Defendants acted negligently in selecting Pinedo and Timberlake to transport a load in interstate commerce.

18. The CHR Defendants contracted with Timberlake to haul the load and exercised substantial control, including but not limited to the following:

    a. Requiring Timberlake and Pinedo to check in with and obtain load requirements from the CHR Defendants prior to arriving at the shipper;

    b. Requiring Timberlake and Pinedo to be in "regular communication" and provide "tracking updates" to the Shipper through the CHR Defendants;

    c. Requiring Timberlake and Pinedo to notify the CHR Defendants in the event of any delay;

    d. Requiring Timberlake and Pinedo to operate a vehicle that has "satellite, cell-phone and/or other technology capable of frequent two-way communication;"

    e. Penalizing Timberlake and Pinedo for being late to a delivery appointment;

19. As a result of the impact of Defendant Timberlake's vehicle striking the 2000 Grand Prix in which she was a passenger, Gerri Lynn Best suffered significant injuries that resulted in the loss of her life.

## COUNT I
## NEGLIGENCE/RECKLESSNESS

20. Paragraphs 1 – 19 are incorporated herein by reference as if fully set forth herein at length.

21. At all times relevant hereto, Jose D. Lopez Pinedo was an agent of the CHR Defendants and was acting within the course and scope of his agency for the CHR Defendants.

22. The negligence, carelessness and/or recklessness of the Jose D. Lopez Pinedo, individually and as the agent, servant and worker of the CHR Defendants, consisted of, but is not limited to the following:

   a. Failing to yield the right of way;

   b. Driving at an unsafe speed;

   c. Not keeping a proper lookout;

   d. Other acts of negligence revealed through discovery.

23. Both Pinedo and Timberlake acted as the CHR Defendants' agent in transporting the load the CHR Defendants hired Timberlake to pick up in Pennsylvania and deliver to out-of-state destinations.

24. At the time of the wreck, the CHR Defendants, directly or through its agents or its joint enterprise, exercised control over Timberlake and Pinedo's transport of the load under an agreement that gave the CHR Defendants the authority to control Timberlake and Pinedo in the operation of the interstate carrier, including imposing requirements Timberlake and Pinedo were required to satisfy before the CHR Defendants would allow them to pick up the load for delivery under the parties' agreement.

25. At all times, Pinedo and Timberlake were acting in the course and scope of such agency and the business of the CHR Defendants.

26. At all times, the CHR Defendants was acting by and through its employees and/or agents Timberlake and Pinedo pursuant to agency, vicarious liability, statutory employment doctrine, apparent agency, partnership, joint enterprise or similar theory of law.

27. The CHR Defendants and Timberlake entered into a joint venture or joint enterprise to deliver the load that Timberlake and Pinedo were transporting at the time of the wreck, and the CHR Defendants entered into an agreement with Timberlake as to how each would share profits from the delivery of such load.

28. As a direct and proximate cause of the negligence of Jose D. Pinedo, for which the CHR Defendants are responsible, Gerri Lynn Best, deceased, sustained the following injuries:

- A.) Blunt force trauma of the head and neck:
    - i. Lacerations of the scalp, extensive with exposure of the skull;
    - ii. Atlanto-occipital disarticulation with spinal cord compression; and
    - iii. Abrasions of the face and neck

- B.) Blunt force trauma of the trunk:
    - i. Fractured ribs, multiple, bilateral with laceration of the parietal pleura;
    - ii. Fractured left clavicle;
    - iii. Lacerated right lung;
    - iv. Lacerated aorta;
    - v. Lacerated liver;
    - vi. Lacerated spleen; and
    - vii. Fractured pelvis.

- C.) Any and all other injuries arising out of complications from the aforementioned injuries and natural consequences thereof.

## COUNT II

## NEGLIGENT SUPERVISION/ HIRING/ RETENTION/ ENTRUSTMENT

29. Paragraphs 1 – 28 are incorporated herein by reference as if fully set forth herein at length.

30. The CHR Defendants was entrusted with a load of cargo it needed to ship for profit.

31. The CHR Defendants' business is hiring trucking companies to transport the goods, and both the CHR Defendants and its trucking companies profit from the relationship.

32. The CHR Defendants had a duty and responsibility to hire and employ safe trucking companies to carry out its business.

33. In order to be reasonable in its duty and responsibility, the CHR Defendants were required to conduct an investigation into a potential trucking company's safety record.

34. The CHR Defendants either failed to ascertain Timberlake's record for safety in its operation of CMVs or it elected to hire / form a joint enterprise with Timberlake with full knowledge of its safety record.

35. The CHR Defendants employed, hired, and/or contracted with Timberlake and Pinedo.

36. Timberlake was not a safe motor carrier at the time it was hired.

37. Pinedo was not a safe driver at the time he was hired.

38. The CHR Defendants was negligent in its hiring, retention, supervision and entrustment of Timberlake and Pinedo.

39. The CHR Defendants are responsible under direct negligence theories such as negligent entrustment, negligent hiring of an independent contractor, negligent retention, negligent supervision and negligence relating to its hiring, selection and ultimate decision to use Timberlake and Pinedo to haul loads in interstate commerce.

40. The negligence, carelessness, and/or recklessness of the CHR Defendants, individually and through its various employees, servants, agents and/or workers

including, but not limited to, Jose D. Lopez Pinedo, consisted of, but is not limited to the following:

    A) In then and there failing to properly train, monitor and/or supervise its drivers and/or agents including, but not limited to Jose D. Lopez Pinedo;

    B) In then and there hiring and/or continuing to employ Jose D. Lopez Pinedo and Timberlake Logistics Corporation despite the fact that the CHR Defendants knew or should have known that Jose D. Lopez Pinedo and Timberlake Logistics Corporation were not properly qualified and/or trained and/or safe;

    C) In then and there allowing Jose D. Lopez Pinedo to operate commercial motor vehicles and loads under the CHR Defendants' control when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

    D) In then and there failing to enforce its employee manuals and/or training and/or hiring procedures;

    E) In then and there failing to enforce both the written and unwritten policies of the CHR Defendants;

    F) In then and there failing to implement and/or enforce an effective safety system.

44. As a result of the aforesaid carelessness, recklessness and/or negligence of the CHR Defendants, the injuries, losses and damages set forth more fully above, and are hereby incorporated as fully as though the same were herein set forth at length were sustained.

## COUNT IV
## WRONGFUL DEATH

45. Paragraphs 1 – 44 are incorporated herein by reference as if fully set forth herein at length.

46. Plaintiff Joseph William Best, as the Administrator of the Estate of Gerri Lynn Best, deceased, brings this action pursuant to the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. § 8301 on behalf of the Estate of the Decedent, Gerri Lynn Best, and on behalf of all those entitled by law to recover damages from the wrongful death of the Decedent, Gerri Lynn Best.

50. The names and addresses of all persons legally entitled to recover damages for the death of the Decedent and their relationship to the Decedent, Gerri Lynn Best, are as follows:

> Joseph William Best – Administrator of the Estate of Gerri Lynn Best
> 12 Knight by Pass Road
> P. O. Box 754
> Knox, Pennsylvania  16232
>
> Charity Marie Best – Daughter of Gerri Lynn Best, Deceased
> c/o 2239 Huckleberry Ridge Road
> Sligo, Pennsylvania  16255
>
> Joyce Kirkham – Mother of Gerri Lynn Best, Deceased
> 2239 Huckleberry Ridge Road
> Sligo, Pennsylvania  16255

51. Joseph William Best, by reason of the death of Gerri Lynn Best, has suffered fiduciary loss and other expenses in administration of the Estate.

52. Plaintiff is entitled to recover, in addition to other damages, amounts for reasonable hospital, nursing, medical, and funeral expenses, and expenses of

administration necessitated by reason of the conduct, omission to act, causing death, or in creasing the risk of harm, as well as the contributions the Decedent would have made to aforesaid survivors during their lifetime, and for any and all other losses and damages allowed by law.  Furthermore, Plaintiff is entitled to recover, in addition to other damages, amounts for the monetary value of the services, including but not limited to the profound emotional and psychological loss suffered upon her death, society and comfort that Gerri Lynn Best, deceased would have provided to her family had she lived.

## COUNT V
## SURVIVAL ACTION

53. Paragraphs 1 – 52 are incorporated herein by reference as if fully set forth herein at length.

54. The Plaintiff Joseph William Best, as the Administrator of the Estate of Gerri Lynn Best, also brings this action on behalf of the Estate of Gerri Lynn Best, deceased pursuant to the Pennsylvania Survival Act, 42 Pa. C.S. § 8302, and claim on behalf of the Estate all damages recoverable by law, including the physical pain and suffering Gerri Lynn Best endured prior to her death, and such other damages as recoverable in a survival action.

WHEREFORE, the Plaintiff, Joseph William Best, as Administrator of the Estate of Gerri Lynn Best, deceased, prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recovers judgment of and from the Defendants for their actual damages in such amount as the evidence may show and the jury may determine to be proper, together with pre-

judgment interest, post-judgment interest, costs of suit, and such other and further relief to which he may show himself to be justly entitled.

        Respectfully submitted:
        FELLERMAN & CIARIMBOLI LAW, P.C.

BY:    __s/Edward J. Ciarimboli_____
        EDWARD J. CIARIMBOLI, ESQUIRE
        183 Market Street, Suite 200
        Kingston, PA 18704
        (570) 718-1444
        Fax:  (570) 714-7255
        ejc@fclawpc.com
        PA85904

**VERIFICATION**

I, Edward J. Ciarimboli, Esquire, verify that I am the attorney for the Plaintiffs in this action and that the foregoing Plaintiff's Complaint is true and correct to the best of my knowledge, information and belief.  I make this verification because the Plaintiffs are not available at this time and Plaintiff's verification could not be obtained within the time allowed for the filing of this Pleading.  I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.


Date:  October 9, 2014              s/Edward J. Ciarimboli
                                                                 EDWARD J. CIARIMBOLI, ESQUIRE
183 Market Street, Suite 200
Kingston, PA 18704
(570) 718-1444
Fax:  (570) 714-7255
ejc@fclawpc.com
PA85904