IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH W. BEST | CIVIL ACTION NO. 14-1378 |
| Plaintiff | JUDGE CATHY BISSOON |
| v. | |
| C. H. ROBINSON COMPANY, *et al* | |
| Defendants | |

**PLAINTIFF'S PETITION FOR APPROVAL OF COMPROMISE AND SETTLEMENT PURSUANT TO PENNSYLVANIA RULE OF CIVIL PROCEDURE 2039**

NOW comes the Plaintiff, Joseph W. Best, as the Administrator of the Estate of Gerri Lynn Best, by their counsel Ed Ciarimboli of Fellerman & Ciarimboli Law and Kevin W. Liles of Liles Harris PLLC and hereby petitions this Court as follows:

1. Plaintiff's decedent, Gerri Lynn Best, a resident of Clarion County, died on October 10, 2012, as a result of a motor vehicle collision in Butler County. She died intestate.

2. The decedent was twenty-eight (28) years old at the time of her death.

3. At all times relevant hereto the decedent was a passenger in a vehicle driven by Defendant Brian Altman and owned by Defendant Samantha A. Ryan, travelling west on State Highway Route 68, Fairview Township, Butler County, Pennsylvania, and that such vehicle had the right of way.

4. At all times relevant hereto, Defendant Jose D. Lopez Pinedo, an employee of Defendant Timberlake Logistics, Inc., knowingly, negligently, and recklessly ignored the Pennsylvania Vehicle Code in failing to stop at a clearly posted stop sign and flashing red lights at the intersection of State

      Highway Routes 68 and 268 in Fairview Township, Butler County, Pennsylvania.

5. As a result of the death of Gerri Lynn Best, an Estate was opened for her in Clarion County appointing Joseph W. Best, (the decedent's husband) as Administrator of the Estate.

6. Consequently, a lawsuit was filed in Butler County styled *Joseph W. Best, Individually and as the Administrator of the Estate of Gerri Lynn Best, Deceased v. Timberlake Logistics Corporation, Jose D. Lopez Pinedo, Fabian Garcia, Compass Lease, LLC, Brian Altman and Samantha A. Ryan, in the Court of Common Pleas of Butler County, No. 2014-10800*. That case settled on September 8, 2014 for a total of $815,000.00, allocated as follows:

   a. Timberlake Logistics, Inc. through their insurance carrier Meadowbrook Insurance Group in the total amount of eight hundred thousand dollars ($800,000.00); and

   b. State Farm Insurance Company (Liability policy of driver Brian Altman, who was driving the car in which Ms. Best was a passenger when they were hit by an 18 wheeler) in the total policy limit amount of fifteen thousand dollars ($15,000.00).

7. Thereafter, Plaintiff settled his claims with Progressive Direct Insurance Company (UIM policy of Gerri Best, Deceased) in the total policy limit amount of forty-five thousand dollars ($45,000.00).

8. Shortly after the settlement of the Butler County lawsuit, another lawsuit was filed in United States District Court for the Western District of Pennsylvania styled *Joseph W Best, as the Administrator of the Estate of Gerri Lynn Best, Deceased v. C.H. Robinson Company and C.H. Robinson Company, Inc., Civil Action No. 2:14-cv-01378-CB* pending in front of the Honorable

        Cathy Bissoon. That case settled with the only Defendant, C.H. Robinson Company on April 10, 2015 for $215,000.00.

9.   The sum total of all of Plaintiffs settlements is $1,075,000.00.

10.  Plaintiff requests allocation of the net proceeds of the settlement after deduction of costs and attorneys' fees as follows:

        Wrongful Death Claim      50%

        Survival Claim               50%

11.  Such allocation was approved by the Pennsylvania Department of Revenue. *See* Exhibit "A."

12.  The Estate consists of the following two beneficiaries at the time of Gerri Best's death: (1) Joseph W. Best, as the spouse of Gerri Best, and (2) Charity Best (age 13), minor, who was the only child of Gerri Best.

13.  On April 14, 2015, Joyce Kirkham was appointed Guardian of the Person of Charity Best. *See* Exhibit "B."

14.  The gross settlement proceeds total $1,075,000.00. After allocation of attorneys' fees (see breakdown below), the net proceeds to be distributed to the beneficiaries of the Estate are as follows (total of $654,015.00):

    a.   Payment from **Survivorship** claims:

        $327,007.50, minus deductions to be determined through probating the Estate (probate fees estimated to be $1,500.00) equals $325,507.50. The first $30,000.00 goes to Joseph Best, then the remainder ($295,507.50) is divided equally between Joseph Best and Charity Best ($147,753.75 each). The $147,753.75 that goes to Joseph Best is not subject to inheritance tax, but the $147,753.75 that is allocated to Charity Best is subject to 4.5% inheritance tax ($147,753.75 x .045 = $6,648.92). Thus, net to Charity Best is

$141,104.83 ($147,753.75 – 6,648.92 = $141,104.83). Consequently, of the $327,007.50, $177,753.75 is allocated to Joseph Best, and $141,104.83 is allocated to Charity Best (a difference of $36,648.92).

b. Payment from **Wrongful Death** claims:

$327,007.50 is divided equally between Joseph Best and Charity Best with adjustments because of disparity from Survivorship distribution: $181,828.21 is allocated to Charity Best, and $145,179.29 is allocated to Joseph Best. The adjustments total $36,648.92, the difference noted above from Survivorship damages.

15. From the total settlement proceeds, Charity Best nets $322,933.04 ($141,104.83 + $181,828.21 = $322,933.04), and Joseph Best nets the same amount.

16. The parties Joyce Kirkham and Joseph Best request that the Court order the net amount of settlement proceeds to be allocated for Charity Best ($322,933.04), and Order the Insurer for Defendant to pay to the individual named below (the "Payee") the sums outlined in this section (a) below:

a. Periodic payments payable to Charity Best (Payee) made according to the schedule as follows (the "Periodic Payments"):

Payee: Charity Best

Pay $25,000.00 on 7/23/2019 (age 18).

$10,000.00 payable semi-annually, beginning on 07/23/2019 (age 18). Payments are guaranteed for 4 years (8 guaranteed payments).

$250.00 payable monthly, beginning on 07/23/2019 (age 18). Payments are guaranteed for 4 years (48 guaranteed payments).

$976.00 payable monthly for life, beginning on 07/23/2023 (age 22). Payments are guaranteed for 40 years (480 guaranteed payments).

Assignment: The Defendant's obligation to make the periodic payments described herein shall be assigned to BHG Structured Settlements, Inc. through a Qualified Assignment and funded by an annuity contract issued by Berkshire Hathaway Life Insurance Company of Nebraska, rated A++XV by A.M. Best. To fund the periodic payments, Defendant will issue a check in the amount of $322,933.04 payable to BHG Structured Settlements, Inc.

17. Counsel fees and expenses will be deducted from this gross settlement in accordance with the terms and conditions of the Employment Contract & Consent to Fee-Sharing of Counsel, of which 90% of such fees will go to Liles Harris PLLC and of which 10% of said fees will go to Fellerman & Ciarimboli Law, P.C. per the terms of the fee sharing agreement. The attorneys fees percentage is different for the 4 settlements: 40% fees for the settlement with the trucking motor carrier and with the transportation broker, 33 1/3% fees for the settlement with Ms. Best's Uninsured/Under-Insured Motorists (UM/UIM) carrier, and 0% for the settlement with Mr. Altman's liability carrier.

18. Consistent with the percentages above, the Plaintiff requests allocation and distribution of the settlement funds as follows:

   a. Payment to Liles Harris PLLC in the amount of $378,886.50 for counsel fees pursuant to the terms and conditions of the fee agreement with Fellerman & Ciarimboli Law, P.C.

   b. Payment to Fellerman & Ciarimboli Law, P.C. in the amount of $42,098.50 for counsel fees pursuant to the terms and conditions of the fee agreement with Liles Harris PLLC.

    c.    Reimbursement to Liles Harris PLLC in the amount of $26,182.31 for litigation expenses.

    d.    Reimbursement to Fellerman & Ciarimboli Law, P.C. in the amount of $3,585.86 for litigation expenses.

    e.    Defendant Timberlake's obligation to make the periodic payments described herein shall be assigned to BHG Structured Settlements, Inc. through a Qualified Assignment and funded by an annuity contract issued by Berkshire Hathaway Life Insurance Company of Nebraska, rated A++XV by A.M. Best. To fund the periodic payments, Defendant Timberlake will issue a check in the amount of $322,933.04 payable to BHG Structured Settlements, Inc.

    f.    The balance of the settlement proceeds is $301,313.79, which shall be issued to Joseph Best, as Administrator of the Estate of Gerri Best, deceased, for distribution as outlined above.

19. Plaintiff Joseph W. Best and Joyce Kirkham have agreed with the terms and conditions set forth in this Petition for Court Approval, and that they agree with the terms and conditions set forth in the exhibits that have been attached to this Petition. *See* Verifications at Exhibit "C."

20. This Petition has been forwarded to opposing counsel and there is no opposition to the requested Court approval of this settlement, and the proposed allocation and distribution.

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court enter an Order as follows:

1. Approving the Compromise and Settlement of Plaintiffs claims against Defendant Timberlake.

2. Approving and directing the distribution of settlement proceeds in accordance with this Petition.
3. Authorizing the payment of settlement proceeds to be distributed equally as shown above to the Estate of Gerri Best, deceased under the Pennsylvania Wrongful Death Act and under the Pennsylvania Survival Act.
4. Authorizing the payment of expenses of litigation and fees to the parties and to Liles Harris PLLC and Fellerman & Ciarimboli Law, P.C.

    Respectfully submitted,

    s/ Edward J. Ciarimboli
    **Edward J. Ciarimboli (PA Bar No. 85904)**
    **FELLERMAN & CIARIMBOLI**
    183 Market Street
    Suite 200
    Kingston, PA 18704
    318 Penn Ave, Suite 2
    Scranton, PA 18503
    Phone: (570) 714-4878
    Fax:  (570) 714-7255
    *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Initial Rule 26 Disclosures were served by either U.S. First Class Mail; Certified Mail/RRR and/or via Facsimile to all counsel of record on this 12th day of March, 2015.

    s/ Edward J. Ciarimboli
    **Edward J. Ciarimboli**

Dated: May 1, 2015